**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NORTH CAROLINA**
**WESTERN DIVISION**

NO. 5:12-CV-493-F

WILLIAM SCOTT DAVIS, JR, )
*et al.*, )
     )
        Plaintiffs, )
     )
v. )       **ORDER**
     )
     )
CHARLOTTE MITCHEL, )
*et al.*, )
     )
        Defendants. )
_____ )

This matter is before the undersigned to conduct a review pursuant to 28 U.S.C. §

1915 which requires the Court to dismiss all or any part of an action found to be frivolous

or malicious, which fails to state a claim upon which relief can be granted, or which seeks

money damages from a defendant immune from such recovery. *See* Cochran v. Morris,

73 F.3d 1310, 1315-16 (4th Cir. 1996)(discussing *sua sponte* dismissal under predecessor

statute 28 U.S.C. § 1915(d)). A case is frivolous if it lacks an arguable basis in either law

or fact. *See* Neitzke v. Williams, 490 U.S. 319, 325 (1989).

Plaintiff has filed at least 10 cases in this Court. (DE-3). Five of these cases have

been dismissed as frivolous. *See*, Davis v. Singer, *et al.*, 5:08-CV-186-FL; Davis v. State

of North Carolina, *et al.*, 5:11-CT-3258-F; Davis v. Wilkinson, 5:11-CV-31-BO; Davis v.

Hunt, 5:11-CV-35-D; Davis v. Durham, 5:11-CV-36-H. Likewise, Plaintiff has filed

seventeen actions in the Eastern District of Virginia. Hunt, 5:11-CV-35-D, (DE's 6, 8, 9).

The Complaints filed by Plaintiff have consistently been rambling, conclusory and disjointed. To the extent any meaning can be assigned to Plaintiff's ramblings, it appears that each of these actions are related. Namely, Plaintiff consistently alleges facts related to child custody determinations, termination of Plaintiff's parental rights, and allegations of child neglect.

In the instant case, Plaintiff's Complaint is 241 pages in length, consists of more than 554 separate paragraphs, and is, yet again, conclusory, rambling and disjointed. (DE-9). Plaintiff lists 16 individual Defendants, and it is difficult, if not impossible, to understand the specific allegations he is making with regard to each individual Defendant. The following passage is illustrative of the incomprehensible nature of Plaintiff's Complaint:

> Plaintiffs assert that they were the victims of High-tech fraudulent scheme to deprive Plaintiffs of civil rights under falsely fabricated by extrinsic fraud under the color law as to Defendants having fraudulently manufactured, including having maliciously fraudulently, and fictitiously fabricated child neglect as a false pretext for ulterior motives and purposes outrageously outside the general jurisdiction of the Wake County NC family A/N/D court, and State of NC. Courts, including the scope of the process, in violations of clearly established laws, including federal laws of Familial Privacy, and the right to be left alone, free from governmental infringements to deprive Plaintiffs of miscellaneous civil rights under the color of law, customs, polices [sic] and practices. Acted out outrageous by the Defendants via a cold, hard, and calculated a fraudulent sham, scheme, "con-artist state actors" having perpetrated a ruse, and hoax. Under the color of law acted outrageously in bad faith by the defendants of which to Plaintiffs justifiably riled upon in breach of their good faith by the Defendants . . .
>
> Constituting an law on going violations doctrine deprivations of civil

rights by extrinsic-intrinsic fraudulent cold hard, and causation of the defendants having manipulated the Court by fraud, having administered the process by Fraudulent deceptive practice of the Defendants keeping the plaintiff in the dark under the color of law, customs, policies or practices of the Defendants Fraud upon the Court, particularly reaming silent in aiding and abetting the fraud, maliciously unlawful criminal prosecution via a civil action where by the Defendants had intentionally kept the plaintiff in the dark about through the life of the action up until august 3rd 2012 in the Defendants having let the "Cat out of the Bag" after having deprived the Plaintiff of their civil rights by extrinsic and intrinsic FRAUD . . .

Underhandedly malicious prosecution by ADA Melanie A. Shekita in the State of North Carolina having entered the Familial ream of the Plaintiffs by fraudulent, deceitfulness, lies, and trickery of the Defendants intentionally, keeping the Plaintiffs in the dark, and to deny Plaintiff of their civil rights. Plaintiffs also seek declaratory judgement that the Defendants acted without jurisdiction, and subject-matter jurisdiction, of with the Defendants fraudulently fabricated within the Courts jurisdiction . . .

Charlotte Mitchel knew that the non-criminal child welfare action of J.F.D., was a false pretext to obtain, and investigate criminal prosecution of the
Father, by WCHS.

(DE-9, pg. 5-6, 23, 169).

To the extent any sense can be made of Plaintiff's allegations, it appears he is trying yet again to raise the claims he has asserted in each of his previous complaints. For example, he contends that "J.FD was taken away from her step-mother unlawfully on 2 October 2007 upon allegation that she was neglected due to domestic violence in the home." (DE-9, pg. 48). Similarly, Plaintiff later notes that:

On information and Belief Charlotte Mitchel knew that J.F.D., child welfare process were unlawfully being used at the Termination of Parental Right of her father for the unlawful purposes so as to bring

3

the hidden agenda "International Child abduction Claim of the Biological Mother" under the false pretext of termination the Parental Rights of the Father in August of 2009.

*Id.* at pg. 80.

In its most recent frivolity review, the Court noted, *inter alia*, that Plaintiff's Complaint: 1) failed to comply with the "short and plain statement" requirement of Rule 8 of the Federal Rules of Civil Procedure; 2) was "so implausible that . . . [it] arguably should be summarily dismissed as frivolous"; and 3) failed to state a claim upon which relief could be granted. State of North Carolina, 5:11-CT-3258-F, (DE-10, pg. 5-7). The undersigned has reviewed Plaintiff's entire complaint and recommends that each of these findings also be applied to the instant Complaint.

Furthermore, "federal courts are courts of limited jurisdiction and generally abstain from hearing child custody matters." Cantor v. Cohen, 442 F.3d 196, 202 (4th Cir. 2006)(*citing* Cole v. Cole, 633 F.2d 1083, 1087 (4th Cir. 1980)). This is because child custody matters are better handled by state courts which have the experience to deal with this specific area of the law. *Id.* Therefore, Plaintiff's complaint is also frivolous to the extent it requests this Court to address any underlying child custody issues.

Moreover, in Heck v. Humphrey, 512 U.S. 477 (1994), the Supreme Court stated:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a . . . plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state

4

tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus . . . A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable . . . Thus, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Heck, 512 U.S. at 486-487.

Although not entirely clear, it appears that if Plaintiff were to succeed on these claims, a state prosecution may be invalidated. This finding provides another basis for dismissing Plaintiff's Complaint.

Finally, Plaintiff seeks relief that this Court is without jurisdiction to award. For example, Plaintiff requests that:

the Court order[] the Secretary of Education to withhold it's federal funding to Wake County Government, in particular Wake County Public School System in Cary N.C . . .

the Court order the Governor of the State of North Carolina to issue and executive order, as a racial, and gender based justice act for African American Males, and Father equal protections at law in the family Courts of the State of North Carolina, in particular Wake County North Carolina. . . .

[t]he Court order that the Governor of the State of North Carolina established an affirmative action Plain, for the election of minority Judges, Chief Distinct Court Judges, and Chief Superior Court Judges in the 100 Counties of the State of North Carolina proportionate to the demographic populations that come before the State and County Courts of North Carolina, including the District Attorney's office, and

Wake County Government Attorney offices, and Various Boards of Commissioners that set the Polices for the State of North Carolina.

(DE-9, pg. 239-241).

For each of these reasons, it is HEREBY RECOMMENDED that Plaintiff's Complaint be DISMISSED AS FRIVOLOUS.

Finally, in an earlier order, this Court stated it had "expended considerable time and effort in reviewing plaintiff s pleadings and will consider his further filing of similarly deficient pleadings a bad faith abuse of this court's process subject to summary dismissal and other applicable sanctions."  State of North Carolina, 5:11-CT-3258-F, (DE-10, pg. 11).   As summarized above, Plaintiff has been a consistent drain on the resources of this Court—and others.   Because of Plaintiff's proclivity for filing frivolous lawsuits, all of which are only slight iterations of previously raised claims, the undersigned would recommend the entry of a pre-filing injunction standing order with regard to Plaintiff.   *See e.g.,* http://www.nced.circ4.dcn/html/prefilinginjunctions.html (last accessed August 31, 2012).

SO RECOMMENDED in Chambers at Raleigh, North Carolina on Friday, August 31, 2012.


_____
WILLIAM A. WEBB
UNITED STATES MAGISTRATE JUDGE

6