UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:12-CV-00493-F

| | |
|---|---|
| WILLIAM SCOTT DAVIS, Jr., )<br>and (a minor) J.F.D., suing by her and )<br>next friend, )<br>               Plaintiffs, )<br>)<br>v. )<br>)<br>CHARLOTTE MITCHEL, individually )<br>and as Guardian Ad Litem of J.F.D., )<br>appointed by the Court; *et al.*, )<br>               Defendants. | **ORDER TO SHOW CAUSE** |

This matter is before the court on the Memorandum and Recommendation ("M&R") of United States Magistrate Judge William A. Webb, recommending that Plaintiffs' Complaint be dismissed as frivolous. *See* August 31, 2012, M&R [DE-13].[1] Also pending before this court are Plaintiffs' Motion for Permission to File Electronically [DE-14], Motion for Extension of Time [DE-19], Motion to Stay [DE-24], Motion to Change Venue [DE-25], Motion to Stay/Change Venue [DE-28], Motion to Appoint Counsel [DE-35], Motion for Extension of Time [DE-36], Motion for Leave to File an Amended Complaint [DE-37], and Motion for Extension of Time to File [DE-41]. For the reasons stated herein, the court denies the Motion for Extension of Time [DE-19], adopts the M&R [DE-13], dismisses the Complaint, and denies all other pending motions as moot. The court also orders William Scott Davis, Jr., to show cause why a prefiling injunction should not be issued against him.

---

[1] The caption of the M&R states "Order," but it is clear that the magistrate judge was making a recommendation to the district court under 28 U.S.C. §636(b)(1)(B).

## I. BACKGROUND

Plaintiff William Scott Davis is no stranger to litigation in this district. Davis has filed four actions in this court. *See Davis v. State of North Carolina*, 5:11-CT-3258-F; *Davis v. Perdue*, 5:12-CV-593-FL, *Davis v. Shekita*, 5:12-CV-504-H; *Davis v. Bousman*, 5:12-mc-48. Five additional actions filed by Davis have been transferred to this district from the Eastern District of Virginia. *Davis v. Town of Cary*, 5:08-CV-176-BO, April 8, 2008 Order (order from the Eastern District of Virginia transferring the action to this district); *Davis v. Singer*, 5:08-CV-186-FL, April 15, 2008, Order (the same); *Davis v. Wilkinson*, 5:11-CV-31-BO, January 9, 2011, Order (the same); *Davis v. Hunt*, 5:11-CV-35-D, January 24, 2011, Order (the same); *Davis v. Durham*, 5:11-CV-36-H , January 24, 2011, Order (the same). Additionally, Davis has filed notice of removals in five different actions. *See Wake County Human Services v. Davis*, 5:12-CV-413-BO, December 12, 2012, Order (adopting M&R and ordering that the removed action be remanded to Wake County District Court); *State of North Carolina v. Davis*, 5:13-mc-43, June 3, 2013, Notice of Removal; *Wake County Human Services v. Davis*, 5:12-mc-37, July 5, 2013, Notice of Removal; *Wake County Human Services v. Davis*, 5:12-mc-38, July 5, 2013, Notice of Removal; *Wake County Human Services v. Davis*, July 5, 2013, Notice of Removal. As this court previously has recognized, almost all of the actions are "oriented around what [Davis] alleges is a grand conspiracy involving the coordinated efforts of dozens, if not hundreds, of public and private persons to deny him his custodial rights to his daughter, convict him of fabricated criminal charges, perpetrate extensive fraud on the state courts of North Carolina, and otherwise destroy his life and violate his rights under federal law" and that "[Davis] appears to believe that this conspiracy is primarily motivated by the defendants' discriminatory animus against him for,

*inter alia*, his gender, his race, his interracial marriage, and his interracial child." *Davis v. State of North Carolina*, 5:11-CT-3258-F, June 11, 2012, Order [DE-10] p. 3. Almost every action has been summarily dismissed or remanded.[2]

In Davis' previous action before the undersigned, he sought to sue almost 85 different defendants for their actions as part of this alleged grand conspiracy in various complaints which spanned between 122 and 358 pages. *Id.* pp. 1-4. The court, on frivolity review, dismissed his complaint, observing that the length of his pleadings, and "the sheer inability of a reasonable reader of the document to understand and conceptualize the breadth, scope, and nuance of plaintiff's claims warrants dismissal of the complaint" for failure to comply with Rule 8(a) of the Federal Rules of Civil Procedure. *Id.* pp, 6, 10. The court also observed that (1) his allegations were so implausible that the complaint arguably should be summarily dismissed as frivolous, (2) his allegations were so vague and conclusory that they likely would not survive an ordinary motion to dismiss for failure to state a claim, (2) and that most, if not all, of Davis'"claims fail to state a claim upon which relief could be granted because they either fail to allege an actual constitutional violation, are premised on provisions of federal laws which are either inapplicable or do not provide for a private right of action enforceable through 42 U.S.C. § 1983, or are foreclosed by various doctrinal defenses." *Id.* pp. 7-9 (footnotes omitted). In dismissing Davis'

---

[2] *See Davis v. Perdue*, 5:12-CV-593-FL, April 17, 2013, Order (dismissing complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2));*Wake County Human Services v. Davis*, 5:12-CV-413-BO, December 12, 2012, Order (ordering that the removed action be remanded to Wake County District Court); *Davis v. State of North Carolina*, 5:11-CT-3258-F, June 11, 2012, Order (dismissing as frivolous pursuant to 28 U.S.C. § 1915(e)); *Davis v. Durham*, 5:11-CV-36-H , May 2, 2011, Order (dismissing action as frivolous for failure to state a claim); *Davis v. Hunt*, 5:11-CV-35-D, April 15, 2011, Order (dismissing action as frivolous); *Davis v. Town of Cary*, 5:08-CV-176-BO, October 16, 2008, Order (dismissing action for failure to make service); *Davis v. Singer*, 5:08-CV-186-FL, July 14, 2008 Order (dismissing complaint for failure to state a claim on frivolity review).

3

complaint, the court stated the following:

> While this dismissal is without prejudice to plaintiff's ability to file another complaint, the court considers it prudent to admonish plaintiff about his further filing of suits concerning this subject matter in this district. Plaintiff has demonstrated that he has little regard for the Federal Rules of Civil Procedure or the prior orders judges in this district and elsewhere which have dutifully indicated to plaintiff the many faults of his pleadings and his arguments and reasoning. These failings have been reiterated and expanded upon in this order. The court has expended considerable time and effort in reviewing plaintiff's pleadings and will consider his further filing of similarly deficient pleadings a bad faith abuse of this court's process subject to summary dismissal and other applicable sanctions.

*Davis v. State of North Carolina*, 5:11-CT-3258-F, June 11, 2012, Order [DE-10] pp. 10-11.

Following this court's dismissal of *Davis v. State of North Carolina*, Plaintiffs filed four separate actions within a one month period: *Davis v. Bousman*, 5:12-mc-48 (filed August 10, 2012), *Davis v. Shekita*, 5:12-CV-504-H (filed August 13, 2012), *Davis v. Perdue*, 5:12-CV-593-FL (filed September 10, 2012), and the instant action. Each of these actions appear to be centered around, again, the alleged grand conspiracy to deprive Davis, and possibly his biological daughter, of their rights. On August 24, 2012, the instant action was referred to the magistrate judge for an M&R on frivolity review pursuant to 28 U.S.C. § 1915.

In the M&R filed on August 31, 2012 [DE-13], the magistrate judge recommends that the Complaint[3] in the instant action be dismissed as frivolous, and also recommends that the court issue a prefiling injunction against Davis. *See* M&R [DE-13] p. 6. The magistrate judge opined that the Complaint in the instant action (1) fails to comply with Rule 8(a) of the Federal Rules of Civil Procedure; (2) is so implausible it could be summarily dismissed as frivolous; (3) fails to state a claim upon which relief can be granted; (4) is frivolous to the extent it requests the court

---

[3] The court has corrected the caption on this order to reflect the caption on the Complaint [DE-9].

4

to address any underlying child custody issues; (5) may violate the principles enunciated in *Heck v. Humphrey*, 512 U.S. 477 (1994), and (6) seeks relief that this court is without jurisdiction to award. *Id.* pp. 4-5.

The deadline for filing an objection to the M&R was September 17, 2012. Plaintiffs did not file an objection prior to that date. They did, however, file a Notice of Interlocutory Appeal [DE-15]. On September 24, 2012, Plaintiffs filed–simultaneously, in eight separate actions in this court–a motion for extension of time [DE-19], purportedly seeking more time to file a variety of motions and pleadings in several actions. Three days later, they filed a 23-page objection [DE-22] to the M&R, and two separate 55-page documents captioned "Notice of Objections Amended Interlocutory Appeal Motions to Stay Pendenacy [sic] Interloulatory [sic] Appeal to the 4th Circuit Court of Appeal [sic] in Richmond Virgional [sic]" [DE-23; DE-24]. Plaintiffs thereafter filed additional motions and another Notice of Interlocutory Appeal [DE-31].

The Fourth Circuit dismissed Plaintiffs' first interlocutory appeal on December 18, 2012, however, the court still could not rule on the numerous motions filed by Plaintiffs because of the second interlocutory appeal. While that second interlocutory appeal was pending, Plaintiffs filed several additional motions. The Fourth Circuit dismissed Plaintiffs' second interlocutory appeal for lack of jurisdiction on June 4, 2013 [DE-38]. Prior to that court's issuance of the mandate, Plaintiffs filed another motion for extension of time to file an Amended Complaint [DE-41]. The mandate issued on July 31, 2013 [DE-43]. This court, therefore, now has jurisdiction to consider the M&R and the various motions filed by Plaintiffs.

## II. STANDARD OF REVIEW

A district court may "designate a magistrate judge to submit . . . proposed findings of fact

5

and recommendations for the disposition of a variety of motions." 28 U.S.C. § 636(b)(1)(B). The court then must "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). Upon review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*

## III. DISCUSSION

First, the court addresses Plaintiffs' motion for extension of time [DE-19], filed on September 24, 2012, after the September 17, 2012 deadline to file objections to the M&R. In the motion, which was filed in numerous actions simultaneously, Davis details the emergency medical treatment he received from September 10, 2012, through September 19, 2012, and states that during that time period, he was heavily sedated with pain medication.

"When an act . . . must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ .P. 6(b)(1)(B). Whether neglect is excusable "is at bottom an equitable [determination], taking account of all relevant circumstances surrounding the party's omission," including "the danger of prejudice to the [nonmoving party], the length of the delay, and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993).

The court is cognizant that Davis received emergency medical treatment during the time period for filing objections. Davis still was able, however, to file a 12-page notice of interlocutory appeal, attaching 43 pages of various exhibits, during the objections period. In light

6

of the filing of the voluminous notice of interlocutory appeal–which essentially objected to the M&R–the court is reluctant to find excusable neglect under these circumstances.

Nevertheless, even if the court finds that excusable neglect exists, and considers the documents Plaintiffs filed at docket entries 22-24 as objections to the M&R, the court still must conclude that the magistrate judge's M&R is correct and in accordance with the law. Despite Plaintiffs' assertion in their objections that the Complaint in this action is "clear and concise," it is anything but. *See* M&R [DE-13] pp. 2-3 (quoting Compl. [DE-9] pp. 5-6, 23, 169). Their objection in this regard is overruled. Furthermore, Plaintiffs' other objections just continue to revisit the rambling conclusory assertions presented in the Complaint, as this excerpt demonstrates:

> In the same two Defendants Shekita and Savage having engages in variously similar designs consistently with the same State Child Welfare actors under the color of law, customs, polices [sic], practices or procedures of WCHS CPS, WCPSS, WC Government, WC Government Attorney offices, WC CPS Social Workers, WCHS agents, contractor, and employees, WC GAL program, GAL and GAL Supervisor, WC GAL Advocate Attorneys, Attorney for the Mother, Attorney for the Step-Mother, IDS Count [sic] appointed attorneys and 10th Judicial District of North Carolina all acting for the common goal prejudicial to the administration of Justice, grand civil conspiracy out to get the Plaintiff by any means necessary above and beyond the Supreme law of the land and clearly stabled law. The two defendants Shekita and Savage were covertly and intentionally cloaking them, self is, in being the Puppet Masters with the full cooperating[.]

Notice of Objections [DE-22] ¶ 2. In sum, the Complaint does not have a basis in either law or fact. Accordingly, for the reasons more thoroughly stated in the M&R [DE-13] at pages 2-5, which the court ADOPTS as its own, the Complaint is dismissed as frivolous pursuant to 19 U.S.C. § 1915.

The magistrate judge also recommends that the court issue a prefiling injunction with

7

regard to Plaintiff William Scott Davis, Jr.'s filings. Courts have the constitutional obligation and the inherent power to protect against conduct that impairs the court's ability to conduct its functions. *Tucker v. Seiber*, 17 F.3d 1434, 1994 WL 66037 at *1 (4th Cir. 1994) (unpublished). This court maintains the authority under the All Writs Act, 28 U.S.C. § 1651, "to limit access to the courts by vexatious and repetitive litigants." *Cromer v. Kraft Foods N. Am., Inc.*, 390 F.3d 812, 817 (4th Cir. 2004). Where a pro se plaintiff's "vexatious conduct hinders the court from fulling its constitutional duty," courts have placed limits on filing new cases. *Tucker*, 17 F.3d 1434, 1994 WL 66037, at *1. This remedy must be used sparingly, and access to the court should not be limited absent exigent circumstances. *Id.* at 817-18.

"In determining whether a pre-filing injunction is substantively warranted," this court is required to

> weigh all the relevant circumstances, including (1) the party's history of litigation, in particular whether he has filed vexatious, harassing or duplicative lawsuits; (2) whether the party had a good faith basis for pursuing the litigation, or simply intended to harass; (3) the extent of the burden on the courts and other parties resulting from the parties' filings; and (4) the adequacy of other sanctions.

*Id.* at 818. The court must narrowly tailor any injunction to fit the specific circumstances justifying the injunction. *Id.* Additionally, before issuing an injunction, a court must give the individual to be enjoined notice and an opportunity to be heard. *Id.* at 819.

As detailed above, Davis has filed four actions in this court, had five additional actions transferred from the Eastern District of Virginia, and has filed notices of removal of five separate actions from North Carolina state court.[4] All of these actions concern Davis' disagreement with

---

[4] Additionally, Davis has continued to file similar actions in the Eastern District of Virginia. *See Davis v. Jaworski*, 4:13-cv-63, Order to Show Cause, pp. 1-2 (E.D.V.A. May 21, 2013) ("Plaintiff has now filed thirty actions in this court since 2008 never once paying a filing fee. . . .Including this action,

8

various legal proceedings in North Carolina state courts, including proceedings in which his parental rights to his biological daughter were terminated. As best as the court can tell from his rambling, disjointed complaints, he alleges that almost everyone tangentially connected to the proceedings was engaged in a conspiracy to deprive him of various rights. Despite the court explaining in great detail the deficiencies in at least one of his complaints and explicitly warning Davis that the court "will consider his further filing of similarly deficient pleadings a bad faith abuse of this court's process subject to summary dismissal and other applicable sanctions," *see Davis v. State of North Carolina*, 5:11-CT-3258-F, June 11, 2012, Order [DE-10] p. 11, Davis has persisted in filing rambling, conclusory, implausible pleadings which just repackage his previously unsuccessful claims, or regroup defendants. Moreover, he has persisted in filing patently frivolous motions and appeals in each action, each of which wastes scarce judicial resources. *See In re McDonald*, 489 U.S. 180, 184 (1989) ("Every paper filed with the Clerk of this Court, no matter how repetitious or frivolous, requires some portion of the institution's limited resources.").

Accordingly, the court ORDERS William Scott Davis, Jr., to show cause why a prefiling injunction should not be issued against him. **Davis is warned that the prefiling injunction could prohibit him from filing any actions proceeding *in forma pauperis* in the United States District Court for the Eastern District of North Carolina without pre-authorization from a district court judge. In order for Davis to proceed *in forma pauperis* in an action, he would be required to attach a proposed complaint and a copy of the prefiling injunction order to the motion for leave to proceed *in forma pauperis*. If the district judge finds that**

---

twenty-eight of those actions have been dismissed.).

9

**the action could be meritorious and that it is not vexatious or repetitive, the action may proceed. Otherwise, the action will be dismissed and sanctions may be imposed.** Davis shall file his response to this order on or before September 5, 2013, and his response shall address the factors that the Fourth Circuit enumerated in *Cromer*.

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Extension of Time [DE-19] is DENIED. The court ADOPTS the portion of the M&R [DE-13], and for the reasons stated therein the Complaint is DISMISSED as frivolous pursuant to 28 U.S.C. § 1915(e)(2). All other pending motions on the docket are DENIED as moot. The Clerk of Court is DIRECTED to close this case.

Additionally, William Scott Davis, Jr., is ORDERED TO SHOW CAUSE, on or before September 5, 2013, why a prefiling injunction should be issued against him.

SO ORDERED.

This, the 8th day of August, 2013.

JAMES C. FOX
Senior United States District Judge