| | | |
|---|---|---|
| WILLIAM SCOTT DAVIS, JR.,<br>    Plaintiff,<br>v.<br><br>STATE OF NORTH CAROLINA, et al.,<br>    Defendants. | )<br>)<br>)<br>)<br>)<br>) | No. 5:11-CT-3258-F |
| WILLIAM SCOTT DAVIS, Jr.,<br>and (a minor) J.F.D., suing by her and<br>next friend,<br>    Plaintiffs,<br><br>v.<br><br>CHARLOTTE MITCHEL, individually<br>and as Guardian Ad Litem of J.F.D.,<br>appointed by the Court; *et al.*,<br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 5:12-CV-493-F |
| WAKE COUNTY HUMAN SERVICES,<br>    Plaintiff,<br><br>v.<br><br>WILLIAM SCOTT DAVIS, JR.,<br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>) | No. 5:14-CV-3-F |
| WAKE COUNTY HUMAN SERVICES,<br>    Plaintiff,<br><br>v.<br><br>WILLIAM SCOTT DAVIS, JR.,<br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>) | No. 5:14-CV-4-F |

| WAKE COUNTY HUMAN SERVICES, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 5:14-CV-5-F |
| WILLIAM SCOTT DAVIS, JR., | ) | |
| Defendant. | ) | |

| STATE OF NORTH CAROLINA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 5:14-CV-7-F |
| | ) | |
| WILLIAM SCOTT DAVIS, JR., | ) | |
| Defendant. | ) | |

William Scott Davis, Jr., has filed a series of documents seeking (1) leave to file various motions; (2) the recusal of the undersigned; and (3) the vacating of judgments issued in most, if not all, the above-captioned cases. His request for leave is DENIED as moot, and the other motions are DENIED.

Mr. Davis's motions for leave to file other motions are predicated on his belief that he must seek leave pursuant to the pre-filing injunction issued by this court, which enjoins him filing any actions *in forma pauperis* in this district without pre-authorization from a district court judge. *See Davis v. Mitchel*, No. 5:12-CV-493-F, (E.D.N.C. March 3, 2014). The court does not discern from any of Mr. Davis's filings that he seeks to initiate any new cases *in forma pauperis*; rather, he appears to seek relief in actions that were once pending before the court. Accordingly, the court finds that the pre-filing injunction is inapplicable, and Mr. Davis's motions (No. 5:12-CV-493-F [DE-55; DE-55-1]) seeking leave to file his documents are DENIED as moot.

Turning to the merits of Mr. Davis's various motions, he asks that the undersigned recuse

himself pursuant to 28 U.S.C. § 455(a) and (b)(1), which provide:

> (a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
>
> (b) He shall also disqualify himself in the following circumstances:
>
> (i) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding.

*Id.* Mr. Davis contends that the court's decisions "are biased" and that the undersigned has demonstrated partiality. No. 5:11-CT-3258-F, [DE-22] at 5. He further contends that the pre-filing injunction issued by the court has "poison[ed] the well" against him. *Id.*

In deciding whether a district judge should recuse under § 455(a), the inquiry is whether "an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality." *United States v. Patti*, 337 F.3d 1317, 1321 (11th Cir. 2003) (citation omitted), *cert. denied*, 540 U.S. 1149 (2004). The critical question presented by § 455(a) " 'is not whether the judge is impartial in fact.' " *Aiken County v. BSP Division of Envirotech Corp.*, 866 F.2d 661, 679 (4th Cir. 1989)(quoting *Rice v. McKenzie*, 581 F.2d 1114, 1116 (4th Cir. 1978)). Rather, it is whether another person, " 'not knowing whether or not the judge is actually impartial, might reasonably question his impartiality on the basis of all the circumstances.' " *Id.* The Fourth Circuit has explained:

> This [objective] standard abolishes the rule that courts should resolve close questions of disqualification in favor of a judge's so-called "duty to sit," see H.R. Rep. 93-1453 (1974), *reprinted in* 1974 U.S.C.C.A.N. 6351, 6355, but it does not require a judge to recuse himself because of "unsupported, irrational, or highly tenuous speculation," *In re United States*, 666 F.2d 690, 694 (1st Cir. 1981). To disqualify oneself in such circumstances would be to set "the price of maintaining the purity of appearance" too high – it would allow litigants "to exercise a negative veto over the assignment of judges." *Id.* Congress never intended the disqualification statute to yield this result. *See* H.R. Rep. No. 93-1453 (1974), *reprinted in* 1974 U.S.C.C.A.N. 6351, 6355 ("Litigants ought not to have to face a judge where there

3

is a reasonable question of impartiality, but they are not entitled to judges of their own choice.").

*United States v. DeTemple*, 162 F.3d 279, 286-7 (4th Cir. 1988). Moreover,

> "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *LoCascio v. United States*, 372 F. Supp. 2d 304, 315 (E.D.N.Y. 2005); *see also Liteky v. United States*, 510 U.S. 540, 555 (1994). Furthermore, "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky*, 510 U.S. at 555.

*LoCascio v. United States,* 473 F.3d 493, 496 (2d Cir.), *cert. denied*, 128 S. Ct. 554 (2007).

Mr. Davis's motion appears to suggest that the undersigned's previous orders suggest a personal bias against him, or that the undersigned is part of a conspiracy to harm him. As the court has observed, however, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion," as such rulings "[a]lmost invariably . . . are proper grounds for appeal, not for recusal." *Liteky*, 510 U.S. at 555. As to Mr. Davis's conspiracy allegations, they amount to unsupported, irrational, or highly unsupported speculation which does not require the undersigned's recusal. In sum, the court's consideration of Davis's motion and the law and policy applicable thereto, compels the court to conclude that recusal is neither required nor suggested by any evidence or argument presented by him. His motions requesting recusal (No. 5:11-CT-3258-F [DE-21; DE-22]; No. 5:12-CV-493-F [DE-56; DE-57]]) are therefore DENIED.

Finally, Mr. Davis requests that all judgments in cases that were before the undersigned be vacated pursuant to Rule 60(b) and the matters transferred to the Eastern District of Virginia. Mr. Davis's filings, which focus on an alleged conspiracy— the members of which purportedly include various attorneys, members of law enforcement, health-care providers, and numerous governmental actors—does not satisfy any of the requirements for relief under Rule 60(b). His motions (No. 5:11-

4

CT-3258-F [DE-20, DE-21; DE-22]; No. 5:12-CV-493-F [DE- 56; DE-57]; No. 5:14-CV-4-F [DE-43]) seeking relief from the court's previous orders and judgments are therefore DENIED. Any further requests from relief, such as his request to transfer his actions to another venue, are necessarily DENIED as moot.

Finally, some of Mr. Davis's filings—although docketed in civil actions before the undersigned—reference his criminal action pending in this court or seek relief in actions that were once pending before another district judge. Accordingly, the Clerk of Court is DIRECTED to re-docket the filings in No. 5:12-CV-493-F, Docket Entry 55-2, pages 1-2 in *Davis v. Perdue*, No. 5:12-CV-593-FL, and pages 3-6 in *Davis v. Singer*, No. 5:08-CV-186-FL. The Clerk of Court is further DIRECTED to docket a copy of No. 5:12-CV-493-F [DE-56; DE-57] and No. 5:14-CV-4-F [DE-43] in the criminal action *United States v. Davis*, 5:14-CR-240-F.

## CONCLUSION

The Clerk of Court is DIRECTED to enter this order in each of the above-captioned actions. Mr. Davis's motions for leave (No. 5:12-CV-493-F [DE-55; DE-55-1]) are DENIED as moot. His other motions (No. 5:11-CT-3258-F [DE-20, DE-21; DE-22]; No. 5:12-CV-493-F [DE- 56; DE-57]; No. 5:14-CV-4-F [DE-43]) are DENIED.

The Clerk of Court is DIRECTED to re-docket the filings in Docket Entry 55-2, pages 1-2 into *Davis v. Perdue*, No. 5:12-CV-593-FL, and pages 3-6 in Docket Entry 55-2, pages 3-6, into *Davis v. Singer*, No. 5:08-CV-186-FL. The Clerk of Court is further DIRECTED to docket a copy of No. 5:12-CV-493-F [DE-56; DE-57] and No. 5:14-CV-4-F [DE-43] in the criminal action *United States v. Davis*, 5:14-CR-240-F.

5

CT-3258-F [DE-20, DE-21; DE-22]; No. 5:12-CV-493-F [DE- 56; DE-57]; No. 5:14-CV-4-F [DE-43]) seeking relief from the court's previous orders and judgments are therefore DENIED. Any further requests from relief, such as his request to transfer his actions to another venue, are necessarily DENIED as moot.

Finally, some of Mr. Davis's filings—although docketed in civil actions before the undersigned—reference his criminal action pending in this court or seek relief in actions that were once pending before another district judge. Accordingly, the Clerk of Court is DIRECTED to re-docket the filings in No. 5:12-CV-493-F, Docket Entry 55-2, pages 1-2 in *Davis v. Perdue*, No. 5:12-CV-593-FL, and pages 3-6 in *Davis v. Singer*, No. 5:08-CV-186-FL. The Clerk of Court is further DIRECTED to docket a copy of No. 5:12-CV-493-F [DE-56; DE-57] and No. 5:14-CV-4-F [DE-43] in the criminal action *United States v. Davis*, 5:14-CR-240-F.

## CONCLUSION

The Clerk of Court is DIRECTED to enter this order in each of the above-captioned actions. Mr. Davis's motions for leave (No. 5:12-CV-493-F [DE-55; DE-55-1]) are DENIED as moot. His other motions (No. 5:11-CT-3258-F [DE-20, DE-21; DE-22]; No. 5:12-CV-493-F [DE- 56; DE-57]; No. 5:14-CV-4-F [DE-43]) are DENIED.

The Clerk of Court is DIRECTED to re-docket the filings in Docket Entry 55-2, pages 1-2 into *Davis v. Perdue*, No. 5:12-CV-593-FL, and pages 3-6 in Docket Entry 55-2, pages 3-6, into *Davis v. Singer*, No. 5:08-CV-186-FL. The Clerk of Court is further DIRECTED to docket a copy of No. 5:12-CV-493-F [DE-56; DE-57] and No. 5:14-CV-4-F [DE-43] in the criminal action *United States v. Davis*, 5:14-CR-240-F.

SO ORDERED.

This, the 13 day of July, 2015.

*[signature: James C. Fox]*
JAMES C. FOX
Senior United States District Judge