IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

Case No. 5:12-CV-00493-M

WILLIAM SCOTT DAVIS, JR.,                  )
                                            )
            Plaintiff,                      )
                                            )        ORDER
v.                                          )
                                            )
J.F.D., a minor,                            )
CHARLOTTE MITCHEL,                          )
WENDY KIRWAN,                               )
NAOMIE LIVINGSTON,                          )
JANE VOLLAND,                               )
BEVERLY PERDUE,                             )
NANCY BERSON,                               )
ANTHONY HAL MORRIS,                         )
RICHARD CROUTHARMEL,                        )
SUSAN F. VICK,                              )
REGINALD O'ROURKE,                          )
MELLONNEE KENNEDY,                          )
CARRIE FLATT,                               )
FONDA LYONS-COUSAR,                         )
MARGARET HERTZLER, and                      )
CHERYL HANES,                               )
                                            )
            Defendants.                     )

ORDER RE: MOTION FOR RECUSAL

Before the Court is Plaintiff's motion to vacate all orders and judgments by the undersigned

in this case, which the court construes as a motion seeking the undersigned's recusal (or,

"disqualification") from adjudicating the case. DE 75. For the following reasons, the motion is

DENIED.

By law, a judge must disqualify himself under the following circumstances:

(a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

(b) He shall also disqualify himself in the following circumstances:

(1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;

(2) Where in private practice he served as lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it;

(3) Where he has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy;

(4) He knows that he, individually or as a fiduciary, or his spouse or minor child residing in his household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding;

(5) He or his spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person:

(i) Is a party to the proceeding, or an officer, director, or trustee of a party;

(ii) Is acting as a lawyer in the proceeding;

(iii) Is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding;

(iv) Is to the judge's knowledge likely to be a material witness in the proceeding.

28 U.S.C.A. § 455. Plaintiff neither cites this statute nor articulates any of its bases in support of his request for this court's recusal.

Rather, Plaintiff references a May 21, 2018 order "designat[ing] [ ] a United States judge for service in another district within the circuit" executed by the Honorable Roger L. Gregory, Chief United States Appeals Judge. DE 7 at 2. The order "designate[s] and assign[s] the Honorable James P. Jones, United States District Judge for the Western District of Virginia, to

hold a district court in the Eastern District of North Carolina" for two of Plaintiff's cases, 5;17-MC-19 and 5:18-MC-8 "for such time as needed in advance to prepare and thereafter as required to complete unfinished business in the matters." *Id.* The order does not mention this case; thus, the court finds it is not bound by the order and nothing in the order prohibits the undersigned from adjudicating this case.

Accordingly, the court concludes Plaintiff fails to articulate any basis on which the court must recuse from adjudicating this case and DENIES the Plaintiff's motion.

SO ORDERED this 12th day of February, 2021.

RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE

3